Judge Robertson
delivered the opinion of the Court.
Alfred Pendleton held a joint and several promissory note on Joseph M. Speed and John Speed, jr. for $400, which he assigned to Singleton Pendleton. The assignee brought a petition and summons on it, against both obligors, which was abated as to Joseph, by the return of the sheriff.
Two pleas of accord and satisfaction were filed by John Speed, on which issues were joined.
Joseph M. Speed, one of the obligors, was the only witness introduced, to prove the accord and satisfaction. Being released by John Speed, from all liability to him as a co-obligor, the court admitted him as a competent witness. On his testimony, the jury founda verdict for John Speed, on which the cou,rt rendered judgment.
Several questions are presented in the record, by bills of exceptions; but it will be necessary only to decide on the competency of Joseph M. Speed, as a witness.
His co-obligor could release him only from liability to him for contribution, if they were both principal obligors, or for the reimbursement of the whole debt and costs, if John were only a surety.
Denny, for plaintiff.
The release could not exonerate Joseph M. Speed from liability tb Pendleton, nor deprive Pendleton of his right to sue him on the note.
If Pendleton had obtained a judgment against John Speed, the judgment would have been no bar to * separate suit on the note against Joseph M. Speed»
But a judgment in favor of John Speed, on the p¡ea of accord and satisfaction, would, as long as it foould remain unreversed, discharge the whole obligation of the note, and exonerate Joseph M. as well ->s John Speed, from another judgment on the same note.
Hence it was obviously the interest of Joseph M. Speed, that the plea should be sustained. His icier-est was direct and legal. Pie was interested, nni in the questiononly, but in the ewnt of the suit, as «.be object of his testimony was to destroy his own eve-foal responsibility to Pendleton, for the debt. O-e obligor cannot release his co-obligor from liability !o the obligee, without the obligee’s assent, or without discharging the obligation.
Wherefore, the. witness was incompetent, and the icourt erred in admitting him.
For this reason, the judgment is reversed, and the cause remanded for a new trial,